UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff/Respondent,  ) | Criminal Action No. 2: 11-69-S-DCR |
| ) | Civil Action No. 2: 13-7291-DCR-EBA |
| V.  ) | |
| ) | |
| DANIEL J. MALEY,  ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant.  ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Daniel Maley entered a guilty plea to conspiring to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846. [Record No. 166] On July 30, 2012, he was sentenced to a term of imprisonment of 216 months, followed by a term of supervised release of ten years. [Record Nos. 272, 275] Maley did not file a direct appeal with the United States Court of Appeals for the Sixth Circuit following entry of the Judgment. However, on July 16, 2013, he filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 339] This motion will be denied because Maley knowingly and voluntarily waived his right to collaterally attack his conviction and sentence under § 2255. Likewise, he has not asserted claims of ineffective assistance of counsel sufficient to overcome the valid waiver contained in his written Plea Agreement.

On November 10, 2011, a federal grand jury returned a twenty-eight count indictment, charging Defendant Maley with a number of offenses, including conspiring with several

-1-

other co-defendants to knowingly and intentionally distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 16] A superseding indictment was filed on January 5, 2012. [Record No. 76] Although Maley initially entered a plea of not guilty to the charges contained in the indictment and superseding indictment, on March 22, 2012, he moved the Court to be re-arraigned for the purpose of changing his plea. [Record No. 157] A written Plea Agreement was tendered at the time of the re-arraignment hearing. [Record No. 167] The Plea Agreement contains the following provisions which are relevant to the defendant's § 2255 motion:

> 7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to appeal any sentence that is within or below the advisory guideline sentencing range as determined by the Court at sentencing. Finally, the Defendant waives the right to attack collaterally the guilty plea, conviction, and sentence.

[Record No. 167]

Maley testified at the change-of-plea hearing that he understood the waiver provision of the written Plea Agreement and that he had entered into the agreement with the United States voluntarily. And as discussed at length in the Magistrate Judge's Report and Recommendation, in light of a prior head injury suffered by the defendant, the Court took additional time to confirm that Maley, in fact, understood all relevant provisions of the agreement. [Record No. 337]

Maley was sentenced to a term of incarceration of 216 months on July 30, 2012, which was below the non-binding range of 240 months outlined in his Presentence

Investigation Report ("PSR").[1] [Record Nos. 272, 355, 356] Upon request from the United States, the Court agreed to reduce Maley's sentence by 24 months from the minimum term of 240 months that would have been required otherwise. Maley did not file a direct appeal after the Judgment was entered on July 31, 2012 (and amended on August 1, 2012, to reflect his correct his USM number). However, on July 16, 2013, he filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 339] Through this motion, Maley claims that his attorney provided ineffective assistance by: (i) failing to prepare for trial and by "pressuring him" to believe that a guilty plea was his only option [Record No. 339-1, pp. 8-18]; (ii) improper surveillance of a co-defendant's vehicle [*id.*, at pp. 19-22]; (iii) failing to insure that his guilty plea was knowing and voluntary [*id.*, at pp. 23-36]; and (iv) failing to provide a copy of his PSR for his review in advance of the sentencing hearing [*id.*, at pp. 36-41]. Additionally, Maley claims that the Court erred in determining the drug quantity attributed to him [*id.*, at pp. 41-44], and imposed an unreasonably harsh sentence that was greater than necessary to satisfy the statutory factors outlined in 18 U.S.C. § 3553(a) [*id.*, at pp. 44-50].

In accordance with local practice, Maley's § 2255 motion was referred to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in

---

[1] Maley was subject to a mandatory minimum term of imprisonment of 240 months. However, the United States filed a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 which allowed the Court to consider a lesser sentence. Although Maley claims that an earlier head injury prevented him from understanding the nature of the proceedings, it apparently did not prevent him from providing information to the United States which resulted in the motion for a sentence reduction for cooperation. According to the government, Maley's assistance was "particularly useful" because it enabled the United States "to narrow down with extreme precision [co-Defendant] Mullins' involvement in this particular conspiracy, which facilitated his guilty plea and conviction." [Record No. 356]

accordance with 28 U.S.C. § 636 (b)(1)(B). On March 24, 2014, United States Magistrate Judge J. Gregory Wehrman issued his report. [Record No. 38] After summarizing the factual and procedural history of the case, Magistrate Judge Wehrman recommended that the motion be dismissed based on the waiver provision contained in Maley's Plea Agreement. He also recommended that the Court reject Maley's additional claims.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, Maley has failed to file timely objections to the Magistrate Judge's Report and Recommendations.² Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the

---

²   The Magistrate Judge's Report and Recommendation was filed on March 5, 2014. [Record No. 357] Maley's objections were due fourteen days following his receipt of the Report and Recommendation. However, on March 25, 2014, Maley filed a motion for an extension of time to file his objections. [Record No. 359] The Court granted Maley addition time, but indicated that: "[t]he parties are given until **5:00 p.m.**, on **Thursday, April 17, 2014**, within which to file objections to the Magistrate Judge's Report and Recommendation. This deadline is for filing – as opposed to mailing – objections to the Report and Recommendation." [Record No. 360]

issues raised by Maley's § 2255 motion. Additionally, Maley has not shown that a Certificate of Appealability should issue.[3]

During the change-of-plea hearing, Defendant Maley indicated that he had reviewed the Plea Agreement. And after additional discussion and explanation by the Court, Maley confirmed that he fully understood its contents, including the waiver provision. Under the undisputed facts outlined above and in the Magistrate Judge's Report and Recommendation, it is clear that Maley knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). In reaching this conclusion, the Court is mindful that waivers such as those contained in the defendant's Plea Agreement do not always apply categorically. *United States v. Harding*, No. 6:04-65-DCR, 2008 WL 4073393, at *20 (E.D. Ky. Aug. 29, 2008); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Goree*, No. 07-188-KSF, 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010) ("to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not a vaguely-articulated connection."). However, as thoroughly explained in the Magistrate Judge's Report and Recommendation, the claims

---

[3] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Maley has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

of ineffective assistance of counsel which would not be subject to the waiver provision of the Plea Agreement are directly contradicted by the record of this proceeding. [Record No. 357, pp. 13-18] This includes Maley's admission that he had reviewed all of the factual information outlined in the Plea Agreement with his attorney and that the information was true and accurate. Further, his responses to the Court indicate that he fully understood the consequences of his guilty plea and that he had the option of proceeding to trial if he chose to do so. He confirmed, under oath, that no one had pressured or forced him to enter a guilty plea. Instead, it was his knowing and voluntary choice to do so. And after confirming that he had reviewed his PSR with his attorney,[4] Maley did not object to anything outlined in the report at the time of the sentencing hearing. As noted by the Magistrate Judge, "[s]olemn declarations in open court carry a strong presumption of verity, and the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Rennick*, 219 F.App'x 486, 489 (6th Cir. 2007).

---

[4] The following response appears at page 2 of the sentencing hearing transcript:

The Court: . . . This matter is scheduled for sentencing this afternoon. Before we proceed with the hearing, let me first confirm that Mr. Maley has reviewed the presentence report and that he's had the opportunity to discuss the report with his attorney. Is that correct Mr. Maley?

The Defendant: Yes, Your Honor.

[Record No. 355]

Further, Maley's claim that his attorney failed to file a notice of appeal following the entry of Judgment is without merit. Maley's attorney confirmed in the affidavit filed with the Court that he informed the defendant of his right to appeal and that if he chose to appeal, he had the right to retained or appointed counsel. [Record No. 350] Maley has not refuted this sworn declaration. Thus, the evidence presented regarding this issue confirms that, following consultation with counsel, Maley did not instruct him to file an appeal. Maley's attorney was not ineffective under the circumstances presented.

Maley's other miscellaneous claims also fail for the reasons outlined in the Magistrate Judge's Report and Recommendation. [Record No. 357, pp. 18-19] In summary, Maley has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 357] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Daniel Maley's motion to vacate, set aside, or correct his sentence [Record No. 339] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. A Certificate of Appealability shall not issue.

This 18th day of April, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge